[Civ. No. 17325.   First Dist., Div. One.   Sept. 3, 1957.]

PHILLIP S. HALY, Respondent, v. GRETCHEN HALY, Appellant.

Jack D. Tomlinson for Appellant.

Gladstein, Andersen, Leonard and Sibbett for Respondent.

WOOD (Fred B.), J.—Defendant has appealed from an interlocutory decree which granted plaintiff a divorce upon the grounds of her extreme cruelty and dismissed her cross-complaint for his alleged cruelty.   She appealed from the whole of the judgment but in her opening brief narrowed it down to that portion which dismissed her cross-complaint.

While conceding the sufficiency of the evidence to support a divorce in his favor, she claims that the evidence demonstrates as a matter of law that he treated her with extreme cruelty and caused her grievous mental suffering, thus giving cause for a divorce in her favor also.   The evidence does not compel any such conclusion.

The parties were married in 1940 and lived together until 1950 when his employer transferred him to the east coast. She never joined him there although from time to time he asked her to do so. He returned to San Francisco in April of 1954 and took up his residence with relatives of his. He phoned her telling her he realized it was impossible to work things out* and asked that she get a divorce. Instead, she frequently tried to meet him at his office, asking him to come to her apartment and talk the matter over. He did so on two occasions about five months and eight months, respectively, after his return from the east. After he had established his year's residence he phoned her he was going to seek a divorce. She then sought him and came to his hotel and they spent a week together. No reconciliation was effected. Throughout the period of his residence in the east and until about a year after his return he regularly supplied her with money for her support.

Defendant says, in effect, that by this conduct plaintiff encouraged her attention and love after his return from the east, lulled her into a false sense of financial security, and then by refusing further to provide for her at the end of the year caused her great mental anguish. Upon the contrary, the trial court may well have considered that plaintiff acted with kindness. He visited her at her urgent request to talk things over. His continuing to send her monthly payments for 13 months after asking her to get a divorce was not in itself an act of cruelty as a matter of law. Also, the trial court may have disbelieved her testimony that plaintiff's conduct caused her excruciating mental suffering.

Her claim for alimony falls, of course, with her claim of right to a divorce.

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

---

*The evidence concerning their home life during the period they lived together amply supports the finding that on numerous occasions she committed acts of extreme cruelty toward him. It is not necessary to detail them here.